# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YULON CLERK, on behalf of herself and others similarly situated, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | 10-1201 |
| v. | : | |
| | : | |
| EMERALD MARKETING d/b/a EMERALD MARKETING GROUP, | : | |
| Defendant. | : | |

## OPINION

Pending before the Court is Plaintiff's motion to remand this matter to the Philadelphia Court of Common Pleas. Plaintiff asserts that Defendant's removal of this case from state court was untimely. For the following reasons, Plaintiff's motion is granted and the case is remanded to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

Plaintiff, Yulon Clerk, filed suit against Defendant, Emerald Marketing, in the Court of Common Pleas of Philadelphia County on September 23, 2009. Plaintiff subsequently filed a praecipe to reinstate the complaint on December 23, 2009. Patti Linden, the "Intake Clerk for [Defendant's] Registered Agent," was served with the complaint at Defendant's "office or usual place of business" on January 8, 2010 at 1:30 p.m. by the "Process Server/Sheriff." The affidavit of service was filed with the Court of Common Pleas of Philadelphia County on January 19,

1

2010. (Pl.'s Mot. Remand, 1-2.) Defendant's "owner"[1] received a copy of the complaint by U.S. mail on February 3, 2010 and faxed it to defense counsel that same day. Defense counsel attempted to contact plaintiff's counsel multiple times via both phone and e-mail to determine whether proper service occurred and the proper answer date. In addition, defense counsel attempted to contact his client's registered agent to determine whether it had been properly served, but was unable to reach the agent. Defense counsel also checked the electronic docket for the Court of Common Pleas for Philadelphia County on February 9, 2010. This check revealed no documented service on Defendant, but did show a failed service attempt on January 22, 2010. (Def.'s Resp., 3-4.)

Defense counsel was able to reach plaintiff's counsel on February 25, 2010, and advised him that he was unable to verify proper service on Defendant's agent. He also stated that he would agree to accept service on Defendant's behalf. In addition, defense counsel requested an additional twenty days to file an answer to the complaint. This conversation was confirmed in a letter from defense counsel dated February 26, 2010. Plaintiff's counsel responded via e-mail, agreeing to the twenty day extension to file an answer. (Def.'s Resp., 4.)

On March 18, 2010, Defendant filed a notice of removal. Plaintiff filed a motion for remand on April 13, 2010, which is currently before the Court.

**STANDARD OF REVIEW - MOTION TO REMAND TO STATE COURT**

Section 1447(c) allows a case to be remanded to state court on the basis of any defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of

---

[1] In its response, Defendant referred to the recipient of the February 3, 2010 copy of the complaint as "defendant's owner." Defendant has failed to identify who the "owner" is, or the relationship the owner has with Defendant. (Def.'s Resp., 3.)

removal. 28 U.S.C. §1447(c). Failure to file a notice of removal within the requisite thirty days is an appropriate ground to remand under §1447(c). Capone v. Harris Corp., 694 F. Supp. 111, 112 (E.D. Pa. 1988) (citing Blow v. Liberty Travel, Inc., 550 F. Supp. 375 (E.D. Pa. 1982)).

Once a plaintiff has filed a motion to remand, the defendant has the burden of establishing that the federal court has jurisdiction and the notice of removal was timely filed. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010, 1012 n. 6 (3d Cir. 1987)). Here, Plaintiff's motion to remand is premised upon untimely filing of the notice of removal.

To determine whether a notice of removal has been timely filed, the court must look towards 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (2010).

The Supreme Court clarified the meaning of § 1446(b) and the time within which a case may be removed from state to federal court in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Murphy Bros. holds that the defendant's time to remove a case is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48. Under Pennsylvania law, "(a) original process may be served . . . (2) by handing a copy . . . (iii) at any office or usual

place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa.R.C.P. 402(a)(2)(iii) (2010).  Moreover, Rule 400(a) states that ". . . original process shall be served within the Commonwealth only by the sheriff."  Pa.R.C.P. 400 (2010).

**ANALYSIS**

Plaintiff alleges that Defendant failed to timely file its notice of removal, and consequently, the case must be remanded to state court.[2]  Plaintiff emphasizes that Defendant, through its registered agent, was properly served on January 8, 2010, and the thirty day time frame to file a notice of removal began on that day.  Because March 18, 2010 is well outside the thirty day time frame required by § 1446(b), Plaintiff asserts that this case must be remanded to state court.  (Pl.'s Mot. Remand, 4-5.)

Defendant counters that the notice of removal was filed within thirty days of its acceptance of service, and therefore, is timely.  Specifically, Defendant contends that it was unable to verify that its registered agent had been properly served on January 8, 2010.  As a result, Defendant believes that service did not occur until February 26, 2010, when defense counsel offered to accept service on behalf of Defendant, and an agreement for an extension of time to answer the complaint was reached.  Because the March 18, 2010 filing of the notice of removal is within thirty days of February 26, 2010, Defendant argues that the case was timely filed and should not be remanded to state court.  (Def.'s Resp., 3-4.)

---

[2]We note that Defendant filed its notice of removal on March 18, 2010, and Plaintiff filed her motion to remand on April 13, 2010.  Section 1447(c) requires that a motion to remand be filed within thirty days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  Therefore, the motion to remand was timely filed, and this Court has grounds to address Plaintiff's motion to remand.

We find that Defendant's registered agent was properly served at Defendant's registered office by the "Process Server/Sheriff" on January 8, 2010, satisfying Pennsylvania's service requirements under Rule 402(a)(2)(iii) and 400(a). The signed affidavit of service was then filed with the Court of Common Pleas of Philadelphia County on January 19, 2010. Defendant's inability to contact its own registered agent and verify proper service does not nullify the fact that proper service was effectuated. As a result, the pertinent thirty day period was triggered on January 8, 2010, and the March 18, 2010 notice of removal clearly fell outside of the thirty day period mandated under § 1446(b). We, therefore, conclude that Defendant's notice of removal was not timely filed.

Defendant further asserts that even if its notice of removal was untimely, by stipulating to the extension of time to file an answer to the complaint, Plaintiff waived her right to object to the timeliness of Defendant's notice of removal. (Def.'s Resp., 5.) We disagree. At no point did Plaintiff expressly address or waive her right to object to the timeliness of Defendant's notice of removal. Plaintiff's response to Defendant's February 26, 2010 letter merely stated: "We [Plaintiff] have no problem with your proposal regarding a 20 day extension." (E-mail from Chris Gomez, Plaintiff's Counsel, to John Mullen, Defendant's Counsel, Feb. 26, 2010.) This agreement deals only with the time to file a responsive pleading to the complaint and is silent regarding the filing of a notice of removal. Thus, the triggering date for the thirty day period to file a notice of removal remains January 8, 2010.

Finally, Plaintiff requests an award of counsel fees and costs pursuant to 28 U.S.C. § 1447(c). Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28

5

U.S.C. § 1447(c). The Supreme Court has found that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Here, while we agree with Plaintiff's analysis of the issue before the Court, we are not prepared to find that Defendant lacked an objectively reasonable basis for calculating the thirty day removal period from the date of defense counsel's correspondence with plaintiff's counsel on February 26, 2010. Therefore, Plaintiff's request for counsel fees and costs is denied.

## **CONCLUSION**

We conclude that the March 18, 2010 filing of the notice of removal was outside the requisite thirty day period, and is untimely. Plaintiff's motion to remand the case back to state court is therefore granted.

Our order follows.